GUAM RENT-A-CAR, d/b/a Avis Rent-A-Car, Plaintiff

v.

GUAM AIRPORT AUTHORITY and AIR HAWAII INTER-NATIONAL, INC., d/b/a American International Rent-A-Car and Budget Rent-A-Car, Defendants

Civil Case No. 836-78

Superior Court of Guam

May 24, 1979

ABBATE, *Presiding Judge*

### DECISION AND ORDER

This suit in equity for a declaratory judgment came on for trial without a jury before the above-entitled Court on May 3, 1979. J. Bradley Klemm appeared on behalf of the plaintiff, Matthew C. Gruskin appeared on behalf of the defendant Air Hawaii, Inc. and Lawrence J. Teker appeared on behalf of defendant Guam Airport Authority. The matter was heard before the Honorable Paul J. Abbate and decision was reserved.

At the conclusion of plaintiff's evidence, defendant Air Hawaii's attorney moved to dismiss on the ground that on the facts and the law the plaintiff had shown no right to relief. Air Hawaii's first contention in support of this motion may be taken as jurisdictional: that the subject of this action for a declaratory judgment is the decision of a government agency, reviewable only for accordance with law or substantial evidence to support it (Govt. Code § 24140), and upon a petition filed within thirty (30) days of the last day for reconsideration of the decision (Govt. Code § 24141), which would be thirty (30) days after mailing of the decision (Govt. Code § 24135). In this case, the Guam Airport Authority made its decision on September 7, 1978, and the statutory 60-day period would run out prior to the November 17 filing of this lawsuit.

■ The action of Guam Airport Authority did not purport to be a contested case decision following an agency

hearing (Govt. Code § 24100 et seq.); but rather was described as a meeting under § 11.02(c) of the lease agreement with each licensee: "resolution of disputes, disagreement, conflicts." The fact that a decision under this clause was reached by Mr. Tuncap, the Airport Manager, after a meeting which might be characterized as an informal hearing does not convert it into a § 24100 contested case hearing, reviewable only under § 24140.

■ Defendant Air Hawaii's second contention on its motion is that the plaintiff failed, as a prerequisite to a declaratory judgment action, to exhaust administrative remedies. The record shows that prior to the filing of this action, plaintiff's attorney requested of defendant Guam Airport Authority's attorney, pursuant to Government Code § 24207, the rules for a declaratory ruling by the agency. More than six (6) weeks later plaintiff's attorney received from Mr. Tuncap the reply that the Guam Airport Authority had not promulgated such rules, as the statute requires. The rule that a party must exhaust administrative remedies prior to seeking relief in the courts is not applicable if the administrative remedy is unavailable. (*Martino v. Concord Community Hospital District*, 233 C.A.2d 51 (1965)).

Defendant's third ground for its motion was that upon the facts the plaintiff had not shown a right to relief. On this ground, the Court declines to make any judgment on the merits against the plaintiff.

The Motion to Dismiss is therefore DENIED.

After due consideration of all testimony and evidence presented at trial, this Court makes the following Findings of Fact and Conclusions of Law:

FINDINGS OF FACT

1. In 1978 the Guam Airport Authority advertised for

bids on four car rental concessions to be located at the Guam International Air Terminal.

2. In order to bid, it was necessary to complete a "Pre-Qualification" form. Bruce McKenzie signed a pre-qualification form as representative of "American International Rent-A-Car". There was no place on the form for denomination of a fictitious, trade or assumed business name, and the form did not by its terms require such a listing. American International Rent-A-Car is an assumed business name of Air Hawaii International, Inc.

3. Five pre-qualified bidders made bids for lease concessions at the Airport. One of the successful bidders was Guam Rent-A-Car. Another successful bid was made by Bruce McKenzie as representative of "Air Hawaii International, Inc., d/b/a American International Rent-A-Car". The bid form had a space for "Company Name of Bidder", but had no required space to fill in a fictitious, trade or assumed business name. The bids were secret, and Guam Airport Authority gave out no information regarding names or trade names of prospective bidders.

4. There were four successful bidders, who signed similar lease contracts with the Guam Airport Authority. One was the plaintiff, whose agent D. L. Karsten signed as representative for "Guam Rent-A-Car, d/b/a Avis Rent-A-Car". Another was defendant Air Hawaii, whose agent Bruce McKenzie signed as representative of "Air Hawaii International, Inc., d/b/a American International Rent-A-Car". There was no space on the bid form provided for a fictitious, trade or "doing business as" name, and this information was not required.

5. Subsequent to its signing of the lease agreement with Guam Airport Authority, Air Hawaii rented cars at the Air Terminal in the name of American International Rent-

609

A-Car with rental agreements, rate cards and appropriate signs giving notice of this. There is no objection to this.

6. Defendant Air Hawaii sought to change its trade name to Budget Rent-A-Car, as it had made arrangements to use that trade name in Guam. Plaintiff objected to Air Hawaii carrying on activities at the Air Terminal in the name of Budget Rent-A-Car such as answering the telephone with that name, using car rental agreements in the name of Budget, posting Budget signs and rate cards, and advertising Budget's place of business as at the Air Terminal.

7. As a result of plaintiff's objections, a meeting was held at the Guam Airport Authority Office. The decision of Director David Tuncap is contained in the Authority's letter of September 7, 1978, denying Air Hawaii the right to change its trade name to Budget, but permitting all lessees the right to post not more than two 12-inch by 18-inch signs announcing that the lessee was agent for any additional rent-a-car company. Air Hawaii was specifically authorized in writing to display "agent for" Budget signs, National was allowed to display "agent for" GSA and Pan Am Rent-A-Car, Hertz could display "agent for" Nippon Rent-A-Car, and Guam Rent-A-Car, d/b/a Avis does not appear to have requested "agent for" designations.

8. The lease agreement does not impose any restriction on the lessees in the use of a trade name or assumed business name, and as noted, supra, does not even require the listing of this information. Section 34 of the lease contract states that "all duties, obligations and liabilities of Guam Airport Authority and Company with respect to the leased premises are expressly set forth herein". The contract does not give Guam Airport Authority the power to regulate the use of otherwise proper trade or assumed business

610

names, or to restrict the lessee to using a trade name which was affixed to the contract as a d/b/a by the lessee, as long as the original lessee continues in fact as the company operating the concession.

9. The contract signed by each lessee did not expressly limit the number of rental car leases at Guam International Airport to four, but appendix A to the contract was made a part of the agreement and showed four rental booths. The pre-qualification form and bid forms were not made a part of the contract. The Court finds that it was the intent of each lease to give one of only four car rental booths to each lessee under these agreements.

10. The Court further finds that there have been only four companies and four booths operating as rental-car concessions at Guam International Airport, and that Air Hawaii's attempt to change its trade name or any car company displaying an "agent for" sign does not constitute the grant of the right to operate a rental-car concession in excess of the four allowed.

11. The lease contract contains a limitation in Section 16 upon selling, assigning, transferring or subleasing by the company without the consent of Guam Airport Authority. The Court finds that the attempt of Air Hawaii to change its trade name does not constitute a sale, assignment, transfer or sublet of any rights under the contract, and that Air Hawaii has been and remains the proprietor of the booth originally leased by Air Hawaii.

12. Section 3.01 of the lease agreement states that Guam Airport Authority shall not grant terms or conditions more favorable than those of the lessee to any other party. The decision of Guam Airport Authority to allow two "agent for" signs to each lessee under their power to control the appearance of the booths and prevent confusion to the

public does not constitute a grant of more favorable conditions to any lessee than those accorded plaintiff Guam Rent-A-Car, being equally applicable to all lessees.

13. The lease agreement does not limit the number of trade names which may be displayed by each lessor company, except as may be proper under Guam Airport Authority's power to control the appearance of the car rental area and prevent confusion to the public.

14. Plaintiff Guam Rent-A-Car did not prove that reduction in their gross revenues was due to any action of Air Hawaii, Inc., or Guam Airport Authority.

15. To the extent that any of the foregoing Findings of Fact constitute Conclusions of Law, they are to be so considered.

CONCLUSIONS OF LAW

1. Defendant Air Hawaii, Inc. is operating at Guam International Airport under a valid lease agreement with the Guam Airport Authority.

2. The lease agreement does not restrict defendant Air Hawaii's right to change its name to Budget Rent-A-Car, or to do business as Budget Rent-A-Car.

3. Defendant Guam Airport Authority has not allowed Air Hawaii, Inc. to operate on conditions more favorable than other lessees, or outside of the terms of the lease agreement.

4. Defendant Guam Airport Authority has not allowed an unauthorized car rental company to do business at Guam International Airport.

5. Defendant Guam Airport Authority has not allowed more than four car rental companies to do business at Guam International Airport.

6. To the extent that any of these Conclusions of Law constitute Findings of Fact, they are to be considered as such.

WHEREFORE, IT IS: ORDERED, DECREED AND DECLARED THAT the contract between Guam Airport Authority and Air Hawaii, Inc., entered into on June 1, 1978, is in full force and effect between the parties, and that this contract does not restrict Air Hawaii, Inc., from using the trade name or doing business as "Budget Rent-A-Car".